### Kentucky Lands Investment Company v. Wilhoit.

(Decided February 6, 1912.)

### Appeal from Hopkins Circuit Court.

Tax Sale—Void—Purchaser—Lien—Section 4036, Kentucky Statutes.— Where a tax sale is invalid, and the evidence of payment is not sufficiently cleâr and convincing to overcome the sheriff's return of the sale, the purchaser under section· 4036, Kentucky Statutes, is entitled to a lien on the property for the amount of taxes and costs paid with legal interest from the time of payment.

M. J. HOLT for appellant.

E. D. MORROW and C. J. WADDILL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Kentucky Lands Investment Company, brought this action against defendant, Warren Wilhoit,

to recover a certain tract of land which it purchased at a revenue agent's sale, and to which it obtained a deed from the State Auditor. Plaintiff also asserted a lien on the property for the amount of taxes and costs paid. Defendant defended on the ground that the sale was void, and that he paid the taxes for the years for which the property was sold. Plaintiff's petition was dismissed, and it appeals.

The pleadings and evidence in this case and the questions presented are the same as in the case of Kentucky Lands Investment Company v. Adaline Simmons, etc., decided February 1, 1912, and reported in 146 Ky., ⊢———. For the reasons therein indicated, the tax sale was void, and the evidence of payment not being sufficiently clear annd convincing to overcome the return of the sheriff, plaintiff under Section 4036, Kentucky Statutes, is entitled to a lien on the property for the amount of taxes and costs paid, with interest from the date of payment.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.